# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PIERRE CORTEZ HOSKINS,

    Defendant.                                                 Case No. 04-cr-30138-DRH

## ORDER

**HERNDON, Chief Judge:**

On January 23, 2012, pursuant to Administrative Order 137, the Court entered an order appointing Phillip J. Kavanaugh, Federal Public Defender for the Southern District of Illinois (the FPD), to represent defendant regarding his motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582 (Doc. 67). Now, the FPD has filed a sealed motion to withdraw (Doc. 70), indicating that the FPD has determined that defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the crack cocaine sentencing guidelines. The Court allowed defendant time to file a response, and on February 17, 2012, defendant filed another motion for retroactive application of sentencing guidelines to crack cocaine offense (Doc. 71). For the reasons that follow, the FPD's motion to withdraw (Doc. 70) is granted and defendant's motions for retroactive application of sentencing guidelines to crack cocaine offense (Docs. 67 & 71) are denied.

Section 3582(c)(2) allows the Court to reduce a defendant's previously

imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 28 U.S.C. § 3582(c)(2). In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied*, 129 S. Ct. 2817 (2009).

The Fair Sentencing Act of 2010 (the "Act") became effective November 1, 2011. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Act requires the Sentencing Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses. *Id.* The Act amended the Sentencing Guidelines by reducing the base offense levels for specific quantities of crack cocaine to apply a retroactively. *Id.;* see U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750).

Here, defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 18 U.S.C. § 3582(c)(2). Defendant's relevant conduct included 1,014 grams of crack cocaine. The 2011 retroactive amendment to the crack cocaine guidelines does not change defendant's guideline range. The range remains 188 to 235 months, the same as it was under the 2007 retroactive amendment to the crack cocaine guideline. See U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2) (2012). Accordingly, defendant does not qualify for a reduction.

Therefore, the Court lacks subject matter jurisdiction to consider a reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore grants counsel's motion to withdraw (Doc. 70) and denies defendant's motions for retroactive application of sentencing guidelines to crack cocaine offense (Docs. 67 & 71). The Clerk is directed to mail a copy of this Order via U.S. mail to defendant Pierre Cortez Hoskins, #06649-025, Pekin Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5000, Pekin, IL 61555.

**IT IS SO ORDERED.**

Signed this 19th day of April, 2012.

Digitally signed by David R. Herndon
Date: 2012.04.19 17:00:26 -05'00'

**Chief Judge**
**United States District Court**